## LYON & HEALY v. R. A. MOORE.

### [FILED NOVEMBER 10, 1892.]

Action to Recover Damages for Breach of Warranty on Sale of Piano: WEIGHT OF EVIDENCE. Evidence examined and *held* to sustain the verdict, and there is no material error in the instructions.

ERROR to the district court for Buffalo county. Tried below before HAMER, J.

*Marston & Nevius,* for plaintiffs in error.

*R. A. Moore, pro se.*

MAXWELL, CH. J.

The defendant in error brought an action against the plaintiffs in error and set forth his cause of action as follows: "The plaintiff claims of and from the defendants the sum of $325, and for cause thereof alleges that some time during the month of September or October, 1888, he purchased of and from the defendants a piano for the sum of $525, and plaintiff avers that, as an inducement for him to make said purchase, one ———, agent of defendants, represented to him that the piano in question was worth $600, and that he had never sold one for less than $600, and they could not be purchased for less than said amount, and that he had sold one exactly like it to G. B. Finch for $600; that this piano should be as good in every respect; that the piano so bought was a Fischer piano known as the 'Baby Grand'; that the said agent represented to plaintiff that said piano was of a superior make and a much better grade of piano than the Hardman or other pianos; he also represented to the plaintiff that he could take said piano, and if it did not prove entirely satisfactory to plaintiff after trial, they would take it back and furnish

him with another instrument worth the money; that plaintiff was not a judge of pianos and so informed the defendant, and that he would rely on them furnishing him an instrument that was all right and worth the money. The said defendants further represented to plaintiff that they would warrant said instrument for five years; that it should be all right in every particular. Plaintiff avers the fact to be that said instrument was not as represented, in this, that it was not worth more than $200; that the said defendants have been selling said instruments for three or four hundred; that it is not worth more than half as much as the one he sold C. B. Finch; that the said piano is of an inferior grade and not near as good a piano as the Hardman and others of the same kind; that the piano was not satisfactory to plaintiff, and he so informed defendants numerous times and asked them to take it back and furnish him with another instrument worth the amount of money paid by plaintiff; that the plaintiff bought the piano for his daughter upon the express representation that it was of a superior make, and the same has been out of repair for the full year since he bought it; that he has notified the defendants several times that it was out of repair and they have sent an agent several times to fix it, but each time when it was repaired it would not remain in repair more than a few days, and that the same is not worth more than $200; wherefore plaintiff, on account of the matter and things hereinbefore, has been damaged in the sum of $300, no part of which has been paid, with costs of suit."

The defendants below in their answer admit the purchase of the piano and that it was to be as good as the one sold to Finch, and deny all other allegations.

On the trial of the cause the jury returned a verdict in favor of the defendant in error for the sum of $250, and a motion for a new trial having been overruled, judgment was entered on the verdict.

Two points are relied on for a reversal of the judgment: First, that the verdict is against the weight of evidence, and second, error in the instructions. The proof does clearly establish the fact that the piano in question is not as good as the one sold to Finch, and that there should be a deduction, and in our view the amount allowed by the jury is none too large. The verdict, therefore, conforms to the evidence, and there is no material error in the instructions. The judgment is therefore

AFFIRMED.

THE other judges concur.